**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES JAVIER LANZAS,<br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | Case No. 5:26-cv-03626-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

## I. SUMMARY

Petitioner, Andres Javier Lanzas is citizen of Nicaragua. (Dkt. No. 11 at 7.) In 2005, Petitioner entered the United States. *Id*. Petitioner left the U.S. to participate in a consular interview in Nicaragua in 2011 related to the petition. *Id*. He later entered the U.S. and was deported in 2019. *Id*. In 2022, Petitioner entered the U.S. and sought asylum from Nicaragua because his life was at risk. *Id*.; Dkt. No. 11-2. Petitioner has been residing in the U.S. for

over three (3) years. (Dkt. No. 1.) Petitioner has a final order of removal and has been released on an Order of Supervision ("OSUP"). (Dkt. 11-12 at 1.)

On February 7, 2026, Petitioner was detained while complying with his U.S. Immigration and Customs Enforcement ("ICE") check-in appointments and complying with the ATD ankle-monitoring program. *Id*. at 9. Petitioner did not receive any notice or opportunity to be heard before a neutral adjudicator prior to his re-detention. *Id*. Petitioner does not have any criminal record. *Id*.

On June 30, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release him from immigration detention. (Dkt. No. 1 ("Petition").) He subsequently filed a First Amended Petition on July 20, 2026. (Dkt. No. 11 ("First Amended Petition" or "FAP").) In this habeas action, Petitioner challenges the lawfulness of his detention by ICE, arguing that Respondents have violated his substantive and procedural due process rights under the Fifth Amendment and 8 C.F.R. §§ 241.13(i)(2) and 241.1(l) by detaining Petitioner without notice, evidence of changed circumstances, and evidence that his removal is reasonably foreseeable. Petitioner also argues that he must be provided with notice and an opportunity to seek protection before he may be removed to a third country. The last claim is ripe as there is no indication in the record that the government is attempting to remove Petitioner to a third country.

In their Answer to the First Amended Petition, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this

matter." (Dkt. No. 12 at 2 ("Answer").) In Petitioner's Reply, he acknowledges Respondents' non-opposition and argues that Respondents have failed to show cause why the Court should not grant the Petition and order the requested relief. *See* Dkt. No. 14.

In light of Respondents' position, the Court finds that as the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested, Petitioner has demonstrated that the Government violated his right to due process by re-detaining him without notice or opportunity to be heard before a neutral adjudicator prior to his re-detention. The Court therefore GRANTS the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-detention absent pre-deprivation notice and a hearing at which the Government must justify the need to detain him.

## II. **FACTUAL BACKGROUND**

Petitioner alleges the following in his petition, and Respondents do not contest Petitioner's version of the facts. *See generally* FAP; Ans. Petitioner is a noncitizen currently detained at the Adelanto Detention facility within the Central District of California. (FAP at 7.) In 2005, Petitioner entered the United States. *Id*. He married his wife in 2010, and his wife submitted a family-based petition to U.S. Citizenship and Immigration ("USCIS"). *Id*. Petitioner left the U.S. to participate in a consular interview in Nicaragua in 2011 related to the petition. *Id*. He later entered the U.S. and was deported in 2019. *Id*. In 2022, Petitioner entered the U.S. and later sought asylum from Nicaragua because his life was at risk. *Id*.; Dkt. No. 11-2. Petitioner has been

residing in the U.S. for over three years where he has contributed to his community, worked, paid taxes, and built a life. (FAP at 8.)

On February 7, 2026, Petitioner was detained while complying with his U.S. Immigration and Customs Enforcement ("ICE") check-in appointments and complying with the ATD ankle-monitoring program. *Id*. at 9. ICE agents asked Petitioner to step outside of his home because his ankle monitor was purportedly not providing his location information. *Id*. Petitioner alleges that information was stated to him simply to cause him to leave his home and face a warrantless re-detention. *Id*. Petitioner did not receive any notice or opportunity to be heard before a neutral adjudicator prior to his re-detention. *Id*. Petitioner does not have any criminal record. *Id*. Since his re-detention by ICE, Petitioner indicates that he has been forced to continue his immigration case while in immigration detention where he has not been able to receive all of his mediation for his heart condition. *Id*.

On June 30, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to immediately release him from immigration detention. (Pet.) He subsequently filed a First Amended Petition on July 20, 2026. (FAP.) In their Answer to the First Amended Petition, Respondents state, "Respondents are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans. at 2.)

## III. PROCEDURAL HISTORY

Petitioner filed a habeas petition on June 30, 2026. (Pet.) On July 1, 2026, Petitioner voluntarily consented to have a Magistrate Judge conduct all

further proceedings in this case, including trial and entry of judgment. (Dkt. No. 2.) That same day, the Court entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 4.) Respondents filed their Answer on April 16, 2026. (Dkt. No. 10.) Then on July 20, 2026, Petitioner filed a First Amended Petition. (FAP.) Respondents filed an Answer to the First Amended Complaint on July 27, 2026. (Ans.) Petitioner filed his Reply on July 30, 2026. (Dkt. No. 14.) Thus, the matter is fully briefed.

The Petition was filed after the General Order on April 1, 2026, and the Respondents did not waive their consent, thus the matter has been fully consented. (Dkt. No. 9.)

## IV. DISCUSSION

Petitioner argues that his detention without any notice or opportunity to be heard before a neutral adjudicator prior to his re-detention violates due process and asks for release. (FAP ¶¶ 6–7.) In their answer to the Petition, Respondents do not address Petitioner's due process arguments. Respondents state that "[they] are not presenting an opposition argument at this time. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Ans. at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from

the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (citation modified).

Here, Petitioner argued that his detention without pre-deprivation process violated his procedural due process rights and that the proper habeas remedy is an order of release. (FAP. ¶¶ 24–45.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Gasparyan v. Blanche et al.,* No. 2:26-CV-05139-AYP, 2026 WL 2456687, at *1 (C.D. Cal. July 27, 2026); *Ibanez-Gutierrez v. Adelanto ICE Processing Ctr.,* No. 5:26-CV-02489-AYP, 2026 WL 1772762, at *1 (C.D. Cal. June 17, 2026); *Torres v. Mullin*, No. 5:26-CV-01962-AYP, 2026 WL 1625349, at *1 (C.D. Cal. June 2, 2026).

Respondents did not respond to Petitioner's argument. (Ans.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they could have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite.

*Sineneng-Smith*, 590 U.S. at 375–76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (citation modified).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g., Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

Because Respondents do not oppose the Petition and state that "judgment may be entered" in favor of Petitioner, Ans. at 2, the Court finds that the Petition should be granted, and judgment should be entered in favor

of Petitioner. In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting Petitioner Andres Javier Lanzas's (A# 200-067-307) claims One, Two, and Three in the First Amended Petition; (2) a writ of habeas corpus be issued requiring Petitioners' immediate release, subject to conditions of supervision that existed prior to his detention on February 7, 2026, along with his personal belongings, including his identification, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk before Petitioner may be re-detained; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: September 22, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE